CRICHTON, J.,
dissents and assigns reasons:
_JiThis Court granted the writ, received briefing from the parties, and heard oral arguments; but now a majority of the *1062 Court has voted to recall our order as “improvidently granted.” I dissent. “At this juncture the case should be decided on its merits.” McGrail v. Lee, 2002-1496, p. 1 (La. 4/9/03), 874 So.2d 66 (Calogero, C.J., dissenting from a writ recall).[1] In its place is a recall that reflects poorly on our effort to “ensure adequate consideration of each case and make decisions,based on legally relevant factors, thereby affording every litigant the full benefit of the judicial process.” La. Sup. Ct. General Administrative Rules, § 10, Performance Standard 2.1 (emphasis added).
In this tort suit, a tree on the defendant’s property fell and struck the plaintiffs vehicle, and as a result the plaintiff sustained both property damage and personal injury. Approximately one week before the trial date, the defendant—who previously agreed to appear for the jury trial by live audio-video—informed lathe plaintiff that she would no longer be available. In response, the plaintiff filed a motion to exclude or limit the trial court from admitting the discovery deposition of the defendant. Finding the defendant to be unavailable, the trial court ruled that the deposition was admissible. Although the Court of Appeal disagreed that defendant’s showing of unavailability was sufficient, it held that this trial court ruling was. harmless error. Mitchell v. State, Dep’t of Transp. & Dev., 60,432, p. 20-21 (La.App. 2 Cir. 3/23/16), 193 So.3d 152, 164.
First, I believe that to deprive a party of the ability to cross-examine a party witness—particularly before a jury of his or her peers—can be prejudicial. This strikes me as especially important where the plaintiffs. claim requires proving that the defendant “knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect” that caused the plaintiffs injury. See La. C.C. art. 2317.1. But regardless of how I ultimately would have analyzed this case for harmless error, the recall means.that this issue is no longer before the Court.
Further, the plaintiff alleged that he relied on the defendant’s misrepresentations that she would be available. Although deposition testimony is admissible if a witness is unavailable, see La. Code Civ. P. art. 1460, a party is not unavailable if there is “no showing in-the record to indicate they made any effort, much less a diligent and good faith effort, to obtain his presence at trial.” Driscoll v. Stucker, 2004-0589, p.24 (La. 1/19/05), 893 So.2d 32, 50 (finding no error in the trial court’s exclusion of hearsay testimony); see also La. Code Evid. art. 804. Given the allegations of misrepresentations, I question the adequacy of the defendant’s showing. But at the very least, whether this was deliberate professional misconduct or a strategically engineered maneuver, we should have ad-, dressed what I view as an ill-practice.
| .^Although “[tjhere exists no rule for determining when a writ, which has been granted, should be recalled,” George v. Dugas, 2016-0710, p.2, n. 1 (La. 11/7/16), 203 So.3d 1043, 1044 (Weimer & Crichton, JJ., dissenting from a writ recall), I believe recalling a writ should be rare. And it-was certainly not justified here. At this junc *1063 ture, we have unnecessarily lost the opportunity to bring the full benefit of the judicial process to address important legal, ethical, and professionalism issues.

. See also State v. Davis, 2006-1984, p. 1 (La. 6/29/07), 958 So.2d 1175 (Calogero, C.J., dissenting) ("I dissent from the action of the court in recalling the writ as improvidently granted. The defendant's pro se writ application was granted, the case briefed, and oral arguments made by the defendant pro se and the district attorney. At this juncture, the case should be decided on the merits.”); Yarnell Ice Cream. Co. v. Allen, 2000-1520, p. 1 (La. 1/17/01), 777 So.2d 472, 473 (Calogero, C.J., dissenting) (“Clearly, we were not required to exercise our supervisory jurisdiction in this case. We had the discretion to deny the application by this claimant who I must concede is not a most deserving civil claimant. But we did grant the writ to resolve a couple of fairly important legatissues.”).